# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4584 | **DATE** | June 28, 2013 |
| **CASE TITLE** | Aziz Animashaun (#2013-0203149) vs. Keefe Commissary Network | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the Clerk of Court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**] **Docketing to mail notices.**

## STATEMENT

The plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues Keefe Commissary Network, the supplier to the jail's inmate store, claiming that commissary prices are unconscionably high.

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $19.60 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, under 28 U.S.C. § 1915A, the court is required to dismiss a prisoner suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

The plaintiff's allegations implicate no constitutional right. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). Because inmates' basic necessities are furnished by the State, they have no protected interest in making commissary purchases. *See, e.g., Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill. 1995) ("Nor can plaintiff reasonably contend that the Constitution embodies some right of a prisoner to purchase anything he wants from the commissary while in the custody of the state") (citing *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986)); *see also Brown v. Gulash*, No. 07 C 0370, 2009 WL 2144592, *5 (S.D. Ill. Jul. 16, 2009); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we know of no constitutional right of access to a prison gift or snack shop").

Because the plaintiff does not have a constitutional right to purchase commissary items, he has no federally protected right to purchase commissary items at a particular price or to have the jail restrained from charging exorbitant prices. *Robinson*, 890 F. Supp. at 718; *Brown*, 2009 WL 2144592, at *5; *French v. Butterworth*, 614 F.2d 23, 25 (1st. Cir. 1980); *McCall v. Keefe Supply Co.*, 71 Fed. Appx. 779, 780 (10th Cir. 2003) (holding that an inmate's claim that prison commissary charged "outrageous" prices for goods purchased through the prison commissary failed to state a constitutional claim); *Henry v. Blagojevich*, No. 10 C 3683, 2010 WL 2680531, *2 (N.D. Ill. Jun. 30, 2010) (Norgle, J.) (claim that prison officials increased commissary prices to make a profit was not actionable in federal court).

To the extent that the plaintiff contends that commissary pricing violates jail rules--or even state law--he must seek redress in the state court system. Violations of state law are not, in and of themselves, actionable as constitutional violations. *See, e.g., Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations); *Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (a violation of state law does not give rise to an actionable § 1983 claim unless it independently violates the Constitution or federal law). The plaintiff's dissatisfaction with commissary prices does not state a claim under 42 U.S.C. § 1983 or federal law.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**(CONTINUED)**

**STATEMENT (continued)**

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."